GRABER, Circuit Judge,
concurring:
I concur in the majority opinion but write separately to suggest that this situation also lends itself to application of the traditional notion of equitable estoppel.
In immigration cases, we have applied the principle of equitable estoppel against the government when the government has engaged in affirmative misconduct, such as a deliberate lie. Socop-Gonzalez v. INS, 272 F.3d 1176, 1184 (9th Cir.2001) (en banc). The party asserting estoppel must establish these traditional elements: (1) the party to be estopped knows the facts, (2) the party intends that his conduct be acted on, (3) the other party is ignorant of the facts, and (4) the other party relies detrimentally on the conduct of the party to be estopped. Salgado-Diaz v. Gonzales, 395 F.3d 1158, 1166 (9th Cir.2005). And the party asserting estoppel must show that the public interest would not be burdened by estoppel. Id.; cf. New Hampshire v. Maine, 532 U.S. 742, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (discussing elements of judicial estoppel).
In my view, these principles should apply to the goose as well as the gander in the circumstances here. When Sum sought LPR status, he knew the fact of his previous arrest. He deliberately lied by denying any previous arrest. He intended that the government act on his false representation of a clean record. The government did not know of the previous arrest. The government relied to its detriment on Sum’s representation when it granted LPR status. Allowing Sum now to claim that he never was entitled to LPR status, after he lied to obtain it, damages respect for the law and damages the public interest. We should not countenance that change of position in the context of Sum’s present attempt to obtain a favorable exercise of discretion from the government. See Akbarin v. INS, 669 F.2d 839, 844 (1st Cir.1982) (noting that, in considering whether to estop the government, all equities must be weighed carefully and the petitioner’s unclean hands, such as con *1102 eealment of facts from the INS, counsel against estopping the government).